IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| D. RAY STRONG, as Liquidating Trustee of the Consolidated Legacy Debtors Liquidating Trust, the Castle Arch Opportunity Partners I, LLC Liquidating Trust and the Castle Arch Opportunity Partners II, LLC Liquidating Trust,<br><br>Plaintiff,<br><br>vs.<br><br>KIRBY D. COCHRAN, et al.,<br><br>Defendants. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br>Case No. 2:14-cv-788-TC |

After three sets of Defendants filed motions to dismiss the original complaint, Plaintiff D. Ray Strong (Trustee) filed a Motion for Leave to Amend Complaint (ECF No. 118). For the reasons set forth below, the Trustee's Motion is GRANTED, but the amendment does not completely moot the pending motions to dismiss.

## **BACKGROUND**

This case, although two-and-a-half years old, is in its procedural infancy. It arises out of the Chapter 11 bankruptcy of Castle Arch Real Estate Investment Company, LLC (CAREIC) and related entities.

In October 2011, a state-appointed receiver filed voluntary Chapter 11 bankruptcy petitions for CAREIC and related entities in the District of Utah. The bankruptcy court appointed Mr. Strong as the Chapter 11 Trustee for CAREIC.

After the bankruptcy court issued its 2013 Confirmation Order and confirmed the Trustee's Plan of Liquidation, the Trustee pursued this litigation in his capacity as the post-confirmation estate representative and liquidating trustee of trusts formed during the bankruptcy proceedings. He entered a series of tolling agreements with the Defendants. Then, on October 30, 2014, he filed a complaint (the one he now proposes to amend) asserting claims against former managers and members of the CAREIC Board of Directors as well as entities associated with those individuals.[1]

Since October 2014, the parties have been grappling with issues arising out of an arbitration clause in the 2007 Amended Operating Agreement governing management of CAREIC. As the Trustee notes, "[a]fter a long unproductive detour to arbitration, the cases [i.e., this case and the one consolidated into it[2]] returned to this Court."[3] The Trustee was referring to the court's January 30, 2017 order (ECF No. 92) lifting the stay that had been in place since the court's August 20, 2015 order (ECF No. 55).

With the stay lifted, the case is now moving forward on the merits. During the last three months the parties held an attorneys' planning meeting, filed a planning meeting report, and either answered the complaint or filed motions to dismiss. In addition, on April 24, 2017, the

---

[1] The Defendants can be divided into five groups: (1) the "Austin Defendants" (Jeff Austin and Austin Capital Solutions); (2) the "Child Defendants" (Douglas Child and Child, Van Wagoner & Associates, PLLC); (3) the "Clawson Defendants" (Robert Clawson and Hybrid Adviser Group); (4) Defendant William H. Davidson; and (5) Defendant Kirby Cochran (who has been dismissed from the case).

[2] A couple of months ago, the court consolidated the case of Strong v. Geringer, Case No. 2:15-cv-837-TC, into this case. (See Feb. 28, 2017 Order, ECF No. 68 in 2:15-cv-837.)

[3] (Trustee's Mot. Leave File Am. Compl. at 2, ECF No. 118.)

court entered a scheduling order (ECF No. 136) following the parties' April 12, 2017 initial pretrial conference.[4]

After some of the Defendants filed motions to dismiss challenging the adequacy of the Trustee's pleading under Federal Rules of Civil Procedure 8 and 9(b) and raising statute of limitations issues,[5] the Trustee filed his motion to amend. His proposed amended complaint would substantially narrow the case. The original complaint asserts nineteen causes of action consisting of a breach of fiduciary duty claim, seven fraud-based claims based on state and federal law (including civil conspiracy and a state RICO claim), eight claims seeking avoidance of fraudulent transfers, one claim for disallowance of bankruptcy claims, and two claims in equity (constructive trust and unjust enrichment). The proposed amended complaint asserts nine causes of action, including the original claims for breach of fiduciary duty, violation of state (but not federal) securities laws, violation of state RICO laws, civil conspiracy, disallowance of claims, and equitable relief, and a new claim against Jeff Austin based on his alleged sale of securities without a license.

The Trustee's proposed amended complaint winnows down the 440 paragraphs in the original complaint to 332 paragraphs. And the Trustee merges into the proposed amended complaint the parallel allegations from the complaint consolidated into this case from <u>Strong v. Geringer</u>, Case No. 2:15-cv-837.

---

[4]Trial is scheduled to begin on January 16, 2018. Mr. Clawson expresses significant concern about the reasonableness of the discovery and trial schedule, especially in light of the motion to amend. The court will not address scheduling issues in this order. If Mr. Clawson views the schedule as unworkable, he may take that up with the court in a separate motion.

[5]Mr. Davidson also filed a motion to compel arbitration (ECF No. 111).

The Trustee also says that he has bolstered the original allegations with more details so that he satisfies the pleading standards of Rules 8 and 9(b) of the Federal Rules of Civil Procedure. Three sets of Defendants oppose the motion on the ground that amending the complaint would be futile because it does not correct the pleading and statute of limitations problems raised in the motions to dismiss. Defendants Robert Clawson and Hybrid Advisory Group (the "Clawson Defendants") also oppose the motion on the bases that the Trustee unduly delayed filing the motion, the Trustee acted in bad faith, and the Trustee's proposed amendment would unfairly prejudice them.

## **ANALYSIS**

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend shall be "freely give[n] . . . when justice so requires." This is a liberal standard, as "[t]he purpose of [Rule 15] is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks omitted).

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , futility of an amendment, etc.—the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)).

Contrary to the Clawson Defendants' contention, there has been no undue delay. Soon after the complaint was filed, summons were issued, parties made appearances, and on January 16, 2015, Defendants Jeff Austin and Austin Capital Solutions (the "Austin Defendants") filed a motion to compel arbitration and stay the case, or, in the alternative, dismiss the case. The

4

parties briefed the motion.  In May 2015, after the court's hearing, the court granted the motion to compel arbitration of Claims 1 and 8.  The court also ordered limited discovery on related arbitration issues.  (See May 5, 2015 Order at 2, ECF No. 44.)  A request for further arbitration was filed in July 2015, and in August 2015, the parties agreed to arbitrate all claims in the complaint.  In the meantime, the parties litigated the issue of whether to consolidate related cases.  In January 2017, the court lifted the stay after the Austin Defendants and the Child Defendants failed to pay arbitration costs.  Since then, the parties have been pursuing the usual pre-trial litigation procedures.

There is no evidence of bad faith or dilatory motive on the part of the Trustee.  The Clawson Defendants assert that the Trustee raised the federal securities claims (which the Trustee now proposes to withdraw) in a draft complaint "to unduly influence [Mr.] Clawson to enter into a tolling agreement without advice of counsel in October 16, 2013[.]" (Clawson Defs.' Opp'n at 1, ECF No. 140.)  He also asserts that the Trustee's decision to drop the federal securities claims rather than address arguments in the Clawson Defendants' motion to dismiss "is a de facto admission that such claims should have never been brought" and warrants a review for possible sanctions for abusive litigation.  (Id. at 3.)  The Clawson Defendants do not offer evidence to support their allegations of bad faith.  It appears that the Trustee is reducing his claims and buffing up his factual allegations in response to the Defendants' motions to dismiss and in an effort to move the case along, not to delay it or to gain a tactical advantage.

This is the first time the Trustee has requested leave to amend.  Accordingly, the court is not faced with repeated attempts to amend or previous failures to cure deficiencies.

The Defendants are not unduly prejudiced.[6] All of the Defendants benefit from the proposed amendment because the claims against them have been cut in half. In essence, they have already prevailed on portions of their motions to dismiss. The one exception is Mr. Austin, against whom the Trustee is raising a new claim. But Mr. Austin will have an opportunity to file a motion to dismiss that claim if he so chooses.[7] Moreover, Mr. Austin is not prejudiced because the new claim arises out of the same subject matter set forth in the original complaint. Minter, 451 F.3d at 1208.

As for the Defendants' futility argument, their oppositions to the motion to amend raise the same pleading and statute of limitations issues already before the court in the currently pending motions to dismiss. Accordingly, the court's grant of the motion to amend does not foreclose the Defendants' challenge to the claims set forth in the proposed amended complaint. Their futility arguments will be addressed when the court reviews the motions to dismiss.

**ORDER**

For the foregoing reasons, the Trustee's Motion for Leave to Amend Complaint (ECF No.

---

[6]The Clawson Defendants contend that they have been prejudiced financially, and they complain that with an order granting the amendment, they must unnecessarily spend more time and money on new pre-trial motions challenging the new complaint. (Clawson Defs.' Opp'n at 1 (asserting that the amended complaint will "force Clawson to restart the entire process of research and drafting at significant expense").) Even assuming their assessment of the situation is accurate, that is not the kind of prejudice that Rule 15 contemplates. See Minter v. Prime Equip. Co., 451 F.3d 1196, 1208 (10th Cir. 2006) ("Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" (quoting Patton v. Guyer, 443 F.2d 79, 86 (10th Cir. 1971)).

[7]Rule 12(g)(2) of the Federal Rules of Civil Procedure prohibits a party from filing another motion to dismiss if the "defense or objection [being raised] was available to the party but omitted from its earlier motion." Because the additional claim against Mr. Austin was not pleaded in the original complaint, Mr. Austin is not barred from subsequently challenging that claim under Rule 12.

118) is GRANTED. The Trustee is directed to file the amended complaint as soon as practicable.

SO ORDERED this 4th day of May, 2017.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge