IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| D. RAY STRONG, as Liquidating Trustee of the Consolidated Legacy Debtors Liquidating Trust, the Castle Arch Opportunity Partners I, LLC Liquidating Trust and the Castle Arch Opportunity Partners II, LLC Liquidating Trust,<br><br>                 Plaintiff,<br><br>vs.<br><br>KIRBY D. COCHRAN, et al.,<br><br>                 Defendants. | ORDER<br><br>AND MEMORANDUM DECISION<br><br>Case No. 2:14-cv-788-TC |

Defendant William H. Davidson has moved to compel arbitration of claims brought by Plaintiff D. Ray Strong (Trustee) on behalf of the Series E investors in CAREIC. He has also filed a motion to dismiss which is not the subject of this order. The court will hear the merits of the motion to dismiss at the May 16, 2017 hearing, but now the court denies Mr. Davidson's demand for an order compelling arbitration because he has waived his right to arbitrate those claims.

**BACKGROUND**

Mr. Davidson correctly points out that the arbitration clause of the CAREIC Amended Operating Agreement required arbitration of certain claims in the Complaint. Indeed, the court ordered arbitration of claims 1 and 8 in May 2015 after Defendants Jeff Austin and Austin Capital Solutions ("Austin Defendants") moved for an order compelling arbitration. (See May 5,

2015 Order, ECF No. 44; Austin Defs.' Mot. Compel Arbitration etc., ECF No. 12.) Later, after the Austin Defendants filed a second motion to compel arbitration of other claims (filed in July 2015) (see ECF No. 45), the Trustee agreed to submit all of the claims to arbitration. The court followed with an order to that effect. (See Aug. 20, 2015 Order, ECF No. 55.)

Based on that order, the Trustee, in October 2015, initiated arbitration before the American Arbitration Association (AAA). Mr. Davidson paid his portion of the AAA fees (each party owed approximately $3,800). But the Austin Defendants and Defendant Child Van Wagoner & Associates did not. The AAA notified the parties of the problem and said that "any party may make a deposit on behalf of the non-paying parties to avoid any possible interruption of the case." (Letter from AAA to counsel for parties (Oct. 18, 2016), ECF No. 127 at p. 12.) No party, despite the opportunity and right to do so, covered the unpaid fees. Nothing in the record suggests that Mr. Davidson, when the possibility for avoiding dismissal still existed, raised concerns with the parties or the AAA, for example by objecting to the AAA's time frame for covering the unpaid fees or the AAA's proposal to dismiss the arbitration. And nothing in the record shows that Mr. Davidson objected to the AAA's termination of the arbitration. In November 2016, the AAA, after a series of communications with the parties, dismissed the arbitration due to non-payment. (Letter from AAA to counsel for parties (Dec. 19, 2016), ECF No. 127 at p. 23.)

At that point, the Trustee approached the court with a request to return resolution of the claims to this venue. (See Trustee's Dec. 22, 2016 Status Rep. & Request for Status Conference, ECF No. 80.) Mr. Davidson did not file an opposition to the Trustee's request. During the court's January 17, 2017 status conference, the parties discussed the Trustee's request to re-open

2

court proceedings after the AAA decision and lift the arbitration stay. Mr. Davidson, who was represented at that hearing, did not object. (See Tr. of Jan. 17, 2017 Status Conference, ECF No. 126-1.) On January 30, 2017, the court lifted the stay and ordered the parties to proceed to regular litigation. (See Jan. 17, 2017 Minute Entry, ECF No. 91; Jan. 30, 2017 Order, ECF No. 92.) During the last three months the parties have held an attorneys' planning meeting, filed a planning meeting report, and either answered the complaint or filed motions to dismiss. In addition, on April 24, 2017, the court entered a scheduling order (ECF No. 136) following the parties' April 12, 2017 initial pretrial conference. Mr. Davidson participated in those activities without placing any objection on the record.

Now, two months after the court lifted the stay and four months after the arbitration ran its course, Mr. Davidson asserts the right to arbitrate his claims because he paid his AAA fees and actively participated in the truncated arbitration.

## **ANALYSIS**

When an issue is referable to arbitration, a court, under the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16, "shall, on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the [arbitration] agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." Id. § 3. Additionally, "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court" for an order compelling arbitration. Id. § 4. If a party files a motion to compel arbitration under the FAA, and if the court has determined that the arbitration agreement is valid and applicable, the statute requires the court to order "the parties to proceed to arbitration in accordance with the

3

terms of the agreement." Id.

As noted above, the court has already gone through this procedure. Given the circumstances, the court finds that Mr. Davidson waived his right to arbitrate.[1]

"It is axiomatic that 'the right to arbitration, like any other contract right, can be waived.'" Healy v. Cox Comm's, Inc., 790 F.3d 1112, 1115 (10th Cir. 2015) (quoting Reid Burton Constr., Inc. v. Carpenters Dist. Council of S. Colo., 614 F.2d 698, 702 (10th Cir. 1980)). The Tenth Circuit requires the court to consider the following six factors when determining whether a party has waived its right to compel arbitration. Id. at 1114, 1116 (citing Peterson v. Shearson/Amer. Inc., 849 F.2d 464 (10th Cir. 1988)).

---

[1] Even though arbitration was cancelled due to other parties' default, it is not clear that Mr. Davidson has a right to require the Trustee to submit to arbitration a second time. The Trustee persuasively argues that, in light of the Austin Defendants' default, the court is not obligated to order the Trustee to resubmit claims that have already been submitted to arbitration according to the terms of the Amended Operating Agreement arbitration clause. To support its position, the Trustee cites to Pre-Paid Legal Services, Inc. v. Cahill, 786 F.3d 1287 (10th Cir. 2015).

In Pre-Paid Legal Services, the defendant Todd Cahill failed to pay his share of the arbitration fees, and the plaintiff, Pre-Paid Legal Services, refused to cover Mr. Cahill's share. Citing non-payment of fees, the AAA terminated the arbitration. Pre-Paid Legal Services then moved to lift the stay and Mr. Cahill opposed. The district court lifted the stay. On appeal, the Tenth Circuit Court of Appeals affirmed and determined that, under Section 3 of the FAA, the arbitration was held "'in accordance with the terms of the [arbitration] agreement'" and that Mr. Cahill, by failing to pay the fees, was "'in default in proceeding with such arbitration.'" Id. at 1293 (quoting 9 U.S.C. § 3). The "AAA determined the arbitration had gone as far as it could due to Mr. Cahill's repeated refusal to pay the fees" and that such failure "breaches the arbitration agreement and precludes any subsequent attempt by that party to enforce that agreement." Id. at 1294.

Mr. Davidson contends that the holding in Pre-Paid Legal Services does not apply to him because he paid his fees. That may be correct but that still leaves open the question of whether the default affects other arbitration participants' rights, and that issue was not briefed by the parties. Regardless, the court need not independently analyze the issue because Mr. Davidson waived any remaining right he may have had.

4

> (1) whether the party's actions are inconsistent with the right to arbitrate;
> (2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place; and (6) whether the delay affected, misled, or prejudiced the opposing party.

Id. at 1116. Rather than applying the factors in a "mechanical process," the court should use them as a guide. Id.

The first, third, fifth, and sixth factors weigh in various degrees against Mr. Davidson. Once Mr. Davidson learned that the arbitration was in jeopardy, his failure to contemporaneously object and his participation in pre-trial proceedings over the last three months are inconsistent with his asserted right to arbitrate. Between October 18, 2016, and December 19, 2016, the AAA warned the parties three times that the arbitration was in danger of being dismissed, but Mr. Davidson said nothing and did nothing in an attempt to save the arbitration proceedings. Then, when the issue to lift the stay was presented to the court, he did not object. He did not raise the arbitration issue when the parties negotiated a scheduling order. He participated in a pre-trial conference and coordinated with other parties to create a scheduling order. He waited months before saying anything.[2] His delay misled and now prejudices the Trustee. If the court were to grant the motion to compel arbitration of the Series E investor claims, the Trustee would have to

---

[2]The Trustee contends that Mr. Davidson delayed two-and-a-half years before requesting arbitration. That is technically correct. But in January 2015, the Austin Defendants had already filed a motion to compel arbitration, so, practically speaking, Mr. Davidson did not need to duplicate efforts by filing his own motion.

5

split litigation of similar, if not the same, issues between two venues. That is neither fair nor a good use of resources.

Considering the six factors and the totality of the circumstances, the court finds that Mr. Davidson has waived his right to arbitrate.

**ORDER**

For the foregoing reasons, the court DENIES Mr. Davidson's request to compel arbitration. His request to dismiss the claims, which was combined with his request to submit the Series E issues to arbitration, remains to be decided.

SO ORDERED this 9th day of May, 2017.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge