IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| D. RAY STRONG, as Liquidating Trustee of the Consolidated Legacy Debtors Liquidating Trust, the Castle Arch Opportunity Partners I, LLC Liquidating trust, and the Castle Arch Opportunity Partners II, LLC Liquidating Trust,<br><br>Plaintiff,<br><br>vs.<br><br>KIRBY D. COCHRAN; JEFF AUSTIN; AUSTIN CAPITAL SOLUTIONS; WILLIAM H. DAVIDSON; ROBERT CLAWSON; HYBRID ADVISOR GROUP; ROBERT D. GERINGER, ROBERT D. GERINGER, P.C.; FINE ARTS ENTERTAINMENT; and DOES 1-50,<br><br>Defendants. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br>Case No. 2:14-cv-00788-TC-EJF |

Defendant Robert Clawson filed his Opposition to Plaintiff D. Ray Strong's Motion for

Partial Summary Judgment (ECF No. 221) on August 15, 2018—thirty-seven days after his

thrice-extended filing deadline of July 9 (see ECF No. 291). Mr. Clawson did not seek a further

extension from the court. Instead, two days after filing his Opposition, he filed a Motion for

Relief under Federal Rule of Procedure 6(b)[1] because of "excusable neglect due to the medical necessity of his counsel."  (ECF No. 258, at 2.)  His motion, supported by a declaration from his attorney Brett G. Evans, details Mr. Evans' medical treatment for a degenerative spinal disorder.

On August 16, 2018, Mr. Strong filed a Motion to Strike Mr. Clawson's Opposition. (ECF No. 255.)  He also moved for an expedited briefing schedule to obtain a ruling from the court on his Motion to Strike before his August 31, 2018 reply brief deadline (he is currently drafting a reply to three timely-filed oppositions from different defendants).  (ECF No. 260.) Mr. Clawson agreed to an expedited schedule and subsequently filed an Opposition to Mr. Strong's Motion to Strike (ECF No. 263) to conclude briefing on the subject of timeliness.  For the reasons stated below, the court will accept Mr. Clawson's late-filed Opposition.

A court may extend a filing deadline "on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  "This rule should be liberally construed to advance the goal of trying each case on the merits."  Rachel v. Troutt, 820 F.3d 390, 394 (10th Cir. 2016).

Four factors determine whether neglect is excusable: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith."  Perez v. El Tequila, LLC, 847 F.3d 1247, 1253 (10th Cir. 2017) (internal alteration marks and quotation omitted).  These factors largely mirror

_____

[1] Mr. Clawson also cites Federal Rule of Civil Procedure 60(b) as grounds for relief.  (ECF No. 258, at 4.)  It does not apply here.  Rule 60(b) provides relief "from a final judgment, order, or proceeding."  Fed. R. Civ. P. 60(b).  The court's order setting Mr. Clawson's July 9 deadline is not a final order or judgment.

those used to determine the merits of a motion to strike a filing as untimely.  See Utah
Republican Party v. Herbert, No. 2:14-cv-00876-DN-DBP, 2015 WL 6394534, at *3 (D. Utah
Oct. 22, 2015) (listing three factors: (1) the degree of actual prejudice to the movant; (2) the
amount of interference with the judicial process; and (3) the culpability of the respondent).
Accordingly, the court will use the test to resolve both timeliness motions.

Mr. Strong relies on the first factor, prejudice, in his Motion to Strike.  He asserts that the
late filing will force him "to wade through an additional opposition brief, and 1,200 pages of
exhibits—after largely formulating his reply position."  (ECF No. 255, at 4.)  Additionally,
accepting the late filing will "result in additional delay, to the prejudice of the Trustee [Mr.
Strong] (and the other defendants) who are seeking to get these motions completed and ruled
upon."  (Id.)

Mr. Clawson counters that he and counsel for all other defendants "would agree to a
reasonable extension to allow for Plaintiff to collectively respond to their oppositions and
Clawson's untimely opposition."  (Decl. of Brett G. Evans ¶ 2, ECF No. 263-1.)  And addressing
the second factor, the impact of a delay on judicial proceedings, he notes that the court has not
yet set a hearing on the underlying motion.

The court agrees with Mr. Clawson on these two points and will not address his other
arguments.  Mr. Strong can avoid prejudice by moving for an appropriate extension of time to
reply to Mr. Clawson's late-filed opposition.  The court, in evaluating such a motion, will be
mindful of Mr. Clawson's late filing date.

Moreover, Mr. Clawson's late filing will not significantly delay these proceedings.  Mr.
Strong forecasts moving for a one to two week extension for his reply brief even if the court

were to strike Mr. Clawson's opposition. And the court intends to hear oral argument on Mr. Strong's Motion for Partial Summary Judgment alongside other pending dispositive motions. (See Mot. for Partial Summ. J. (Claim Preclusion), ECF No. 225; Mot. for Partial Summ. J. (Statute of Limitations), ECF No. 244; Mot. to Dismiss (Mootness), ECF No. 256.) Two of these motions are not yet fully briefed, so oral argument is not imminent.

**ORDER**

For the foregoing reasons, the court GRANTS Mr. Clawson's Motion for Relief for his Untimely Response (ECF No. 258), DENIES Mr. Strong's Motion to Strike (ECF No. 255), and DENIES as moot Mr. Strong's Ex Parte Motion to Shorten Time for Briefing (ECF No. 260).


DATED this 27th day of August, 2018.


BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge